UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JULIE GALLOW,                )
                             )
         Plaintiff           )
                             )
    vs.                      )  Case No.  5:16-cv-00266-HGD
                             )
MISSY DAVIS, et al.,         )
                             )
         Defendants          )

## MEMORANDUM OPINION

This matter is before the undersigned magistrate judge based on the consent of the parties pursuant to 28 U.S.C. § 636(c).  Defendants, Missy Davis, Raul Arora, Barbee Barnes, Josh Funderburk and The Original Public House, have filed a joint motion to dismiss the complaint in this case.  (Doc. 8, Motion to Dismiss).  A response to this motion was filed by plaintiff, Julie Gallow (Doc. 13), and defendants have filed a reply (Doc. 14).  The matter is now ready for disposition.

The allegations in the complaint reflect as follows.  Plaintiff was employed by The Original Public House.  She further asserts that Josh Funderburk and Missy Davis were her supervisors at The Original Public House.  She identifies Barbee Barnes as "Chef Q," whom she alleges "touched, yelled, and inappropriately touched the Plaintiff Julie Gallow."  (Doc. 1, ¶ 2).  She alleges that she suffered sexual

harassment and sexual discrimination while so employed. (Doc. 1, ¶ 3). Plaintiff asserts that she "was pushed by use of hands and then had an arm placed across her chest right across her breast by Barnes and that her body was pushed with the arm pushing across her breast. The Plaintiff had hands put on her hips and bottom area by Josh Funderburk, and was pushed out of the way." Plaintiff further alleges that she was yelled at loudly in the presence of fellow workers and customers. (Doc. 1, ¶ 5).

According to the complaint, plaintiff complained to her supervisors that she was subjected to touching and verbal abuse by Barnes and Funderburk, but nothing was done to correct the matter. It is alleged that the person touching plaintiff's breast was complained about to her supervisor, and plaintiff was told that Funderburk and Barnes were her bosses and that she had to conform to what they wanted. (Doc. 1, ¶¶ 6-7). Plaintiff alleges that her hours were cut and that she was ultimately fired for not putting up with the alleged harassment.[1] (Doc. 1, ¶ 8).

Plaintiff alleges in Count One that the "Defendant" committed an act of assault and battery, based on the "harassing, touching, yelling and screaming at the Plaintiff." (Doc. 1, ¶ 10). In Count Two, plaintiff alleges that this conduct amounts to the

---

[1] Plaintiff's complaint states that she was "defacto hired." The Court assumes this is a typographical error and that the plaintiff intended to state that she was "defacto fired."

intentional infliction of emotional distress. (Doc. 1, ¶ 12). Count Three asserts that "Defendant" negligently harassed the plaintiff and discriminated against her. (Doc. 1, ¶ 14). Count Four asserts that when "Defendant" made harassing and berating remarks to the plaintiff and discriminated against her, her supervisors failed to correct the situation, therefore creating a hostile work environment. (Doc. 1, ¶ 16). In Count Five, the complaint asserts a claim of breach of contract in that "Defendants" contracted with plaintiff to provide her a safe work place, free from assault and battery and intentional infliction of emotional distress. According to the complaint, "Defendants" breached implied and *de facto* covenants of this employment contract. (Doc. 1, ¶ 18).

Although inartfully drafted, it appears that plaintiff is asserting state law claims assault and battery, intentional infliction of emotional distress and breach of contract in Counts One, Two and Five.

In Count Three, it is unclear exactly what it is that plaintiff is alleging when she claims that she was "negligently harassed" and an unspecified "Defendant" discriminated against her. However, for purposes of the motion to dismiss and based on the content of the rest of the complaint, the Court assumes that Count Three is a claim of sexual harassment and discrimination.

In Count Four, plaintiff appears to be alleging employer liability for a sexually hostile environment because she complained about sexual harassment and discrimination and her supervisors failed to take steps to remedy the situation.

Factually, plaintiff has alleged only that Barnes put an arm across her breast on one occasion and pushed her and that Funderburk put his hands on her hips and bottom on one occasion and pushed her. She alleges that she was yelled at in front of customers and other employees. However, she has not alleged that the yelling was sexual in nature or on how many occasions the yelling occurred. Likewise, she alleges that she complained to her supervisor. Although she alleges that she complained to her "supervisors" and has identified Funderburk and Davis as her supervisors, she has not stated with any specificity to whom it was she complained, when this occurred and what precisely was the nature of her complaint.

In addition, although in the body of her complaint, plaintiff alleges that her hours were cut and that she was terminated by her employer after complaining about this alleged conduct, she does not have a specific count alleging retaliation by her employer.

Defendants have moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). A defendant may move to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if plaintiff has failed to state

a claim for which relief may be granted. Fed.R.Civ.P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true. Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the Court makes reasonable inferences in plaintiff's favor, "but [it is] not required to draw plaintiffs' inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the prior "unless it appears beyond

doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. at 1964-65 (internal citations and emphasis omitted). For purposes of a 12(b)(6) motion to dismiss, allegations based "upon information and belief" do not have to be taken as true. *Mann v. Parker,* 713 F.3d 1306, 1315 (11th Cir. 2013) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (declining to take as true the conclusory allegation "upon information and belief" that the companies had entered a conspiracy without enough facts to make that statement plausible)).

More recently, in *Iqbal*, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility the

defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

**Failure to Exhaust Administrative Remedies-Retaliation Claim**

Defendants assert that, with regard to plaintiff's former employer, The Original Public House, she has failed to allege that she exhausted her administrative prerequisites and that she attached no EEOC Charge of Discrimination or Notice of Right to Sue to her complaint. (Doc. 8 at 7). In her response, plaintiff attached a copy of her EEOC Charge of Discrimination. (Doc. 13-1). Her Charge of Discrimination, dated January 6, 2016, reads as follows:

> I am a female. I was hired by the above employer [The Original Public House] in July 2015. On November 6, 2015, I was verbally and physically assaulted by Chef Que. After I complained about the assault, Chef Que, Natasha Thomas, Josh Anderson, and I were written up. I was written up for disrupting service due to my sensitivity. My manager, Missy Davis told me, if I can't handle being yelled or cursed at, then I should get a job answering the phone somewhere.
>
> I believe I was discriminated against due to my sex (female). In violation of Title VII of the Civil Rights Act of 1962, as amended.

(Doc. 13-1 at 3). Thus, the only complaint of any sort that she was inappropriately touched by anyone contained in her EEOC Charge of Discrimination is that she was "verbally and physically assaulted" by "Chef Que" on November 6, 2015. There is

no mention of any inappropriate touching by Josh Funderburk. There is also no complaint that she was subjected to retaliation after she complained about the alleged conduct of Chef Que. In fact, according to plaintiff's EEOC Charge, she, Chef Que and others were all "written up" by her employer after she complained about the incident. No mention is made of her hours being cut or of being "*de facto*" fired even though the EEOC complaint was filed after she was no longer employed by The Original Public House.

Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies. *See Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999). The first step down this path is filing a timely charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(b) (1994); *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000). Where an agency or the EEOC requests information relevant to resolving the employee's complaint and the employee fails to provide that information, the employee has failed to exhaust her administrative remedies. *See Johnson v. Bergland*, 614 F.2d 415, 418 (5th Cir. 1980) (concluding plaintiff failed to exhaust his administrative remedies where his "responses to the agency request for information were insufficient to enable the agency to determine what complaint of discrimination was made and when it had occurred"). *See also Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999) ("[i]n order

to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to the investigation.").

In light of the purpose of the EEOC exhaustion requirement, the Eleventh Circuit has held that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander, supra*, 207 F.3d at 1332 (internal quotation and citation omitted); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970) (noting that the allegations in a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge). Courts are nonetheless "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Sanchez*, 431 F.2d at 460-61. As such, the Court has noted that "'the scope of an EEOC complaint should not be strictly interpreted.'" *Id.* at 465 (citation omitted).

The proper inquiry here, therefore, is whether plaintiff's complaint was like or related to, or grew out of, the allegations contained in her EEOC charge. Plaintiff, presumably without the aid of counsel, filed an EEOC charge after she was terminated. The ultimate act that she complained about was that she was verbally and physically assaulted by Chef Que and, when she complained about it, was told that,

if she could not take being yelled at or cursed at, she needed to get a job answering a telephone. Plaintiff makes no mention of her termination and did not mark the "retaliation" space on the EEOC Charge of Discrimination form. (*See* Doc. 13-1 at 3). Indeed, the only job action of which she complains is that she was "written up" after the event in question. A charge of retaliation based on her termination cannot, under these circumstances, be said to be related to or have grown out of the allegations of harassment and a hostile work environment contained in her Charge of Discrimination. Consequently, to the extent plaintiff makes a claim of retaliation pursuant to Title VII, she has failed to exhaust her administrative remedies.

**Sexually Hostile Work Environment Claim**

Count Three appears to make a claim that the defendants (or some of them) created a sexually hostile work environment. The Eleventh Circuit set forth in *Mendoza v. Borden, Inc.*, 195 F.3d 1238 (11th Cir. 1999) (*en banc*), the elements that an employee must establish to support a hostile environment claim under Title VII based on harassment. An employee must establish: (1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the

terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *Id.* at 1245.

The fourth element – that the conduct complained of was "sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment" – is the element that tests the mettle of most sexual harassment claims. Requiring a plaintiff to prove that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment is necessary to ensure that Title VII does not become a mere "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 2283-84, 141 L.Ed.2d 662 (1998). This requirement is regarded "as crucial, and as sufficient to ensure that courts and juries do not mistake ordinary socializing in the workplace–such as male-on-male horseplay or intersexual flirtation–for discriminatory 'conditions of employment.'" *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 1003, 140 L.Ed.2d 201 (1998)).

In order to establish this factor, a plaintiff must not only establish that she subjectively perceived the environment as hostile and abusive, but also that such a perception is objectively reasonable; that is, that a reasonable person would perceive the environment to be hostile and abusive. *See Mendoza*, 195 F.3d at 1246;

*Faragher*, 524 U.S. at 788, 118 S.Ct. at 2284 (explaining that the objective component of the "severe and pervasive" element prevents "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing" from falling under Title VII's broad protections (citation omitted)).

If the complained-of statements and conduct are of a gender-related or sexual nature, there are four factors that are considered in determining whether they are sufficiently severe and pervasive from an objective standpoint to alter an employee's terms or conditions of employment: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mendoza*, 195 F.3d at 1246.

Plaintiff alleged one incident by Chef Q and one incident by Josh Funderburk occurring on November 16, 2015, wherein she alleges she was inappropriately touched and subjected to yelling and cursing. She does not allege that the yelling or cursing were sexually explicit in any way.

With regard to the objective component, a plaintiff must show more than the "mere utterance of an . . . epithet which engenders offensive feelings in an employee" to establish a violation of Title VII. *Meritor Savings Bank, FSB, v. Vinson*, 477 U.S.

57, 64, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986). The Supreme Court held in *Faragher*, 524 U.S. at 788, that "offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." In *Gupta*, the Eleventh Circuit noted that:

> [a]ll the sexual hostile work environment cases decided by the Supreme Court has involved patterns or allegations of extensive, long lasting, unredressed and uninhibited sexual threats or conduct that permeated the plaintiff's work environment.

*Gupta*, 212 F.3d at 586 (quoting *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999)).

Furthermore, although the actions recounted by plaintiff were undoubtedly annoying and offensive, many decisions throughout the circuits have rejected sexual harassment claims based on actions that are as serious or more serious than the conduct at issue here. *See Shepherd v. Comptroller of Public Accounts of Texas*, 168 F.3d 871, 872-75 (5th Cir. 1999) (holding that several instances over a two-year period, including the comment "your elbows are the same color as your nipples," another comment that plaintiff had big thighs, touching plaintiff's arm, and attempts to look down the plaintiff's dress, were insufficient to support a hostile environment claim); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998) (holding that statement that plaintiff had the "sleekest ass" in the office plus a single incident

of "deliberately" touching plaintiff's "breasts with some papers that he was holding in his hand" were insufficient to alter the terms or conditions of plaintiff's employment); *Adsumilli v. City of Chicago*, 164 F.3d 353, 357 (7th Cir. 1998) (holding actions insufficient to support a hostile environment claim where co-employees teased plaintiff, made sexual jokes aimed at her, asked her what "putting one rubber band on top and another on the bottom means," commented about her low neck tops, repeated staring at her breasts with attempts to make eye contact, and four incidents of touching her arm, fingers or buttocks); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1365-66 (10th Cir. 1997) (holding five sexually-oriented, offensive statements over 16 months insufficient to show hostile environment, even though one of the harasser's statements occurred while he put his arm around plaintiff, looked down her dress and said, "well, you got to get it when you can."); *Hopkins v. Baltimore Gas & Elec. Co.*, 77 F.3d 745, 753-54 (4th Cir. 1996) (holding evidence that the harasser "bumped into [the plaintiff], positioned a magnifying glass over [the plaintiff's] crotch, flipped his tie over to see its label, gave him a congratulatory kiss in the receiving line at [a] wedding , and stared at him in the bathroom" insufficient to establish Title VII violation); *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 823-24 (6th Cir. 1997) (reversing jury verdict and finding conduct was "sex-based" but insufficiently severe or pervasive to state actionable claim, where conduct over a

four-month period involved repeated sexual jokes; one occasion of looking plaintiff up and down, smiling and stating, there's "Nothing I like more in the morning than sticky buns;" suggesting that land area be named as "Titsville" or "Twin Peaks;" asking plaintiff; "Say, weren't you there [at biker bar] Saturday night dancing on tables?"; stating, "Just get the broad to sign it"; telling plaintiff she was "paid great money for a woman"); *Weiss v. Coca-Cola Bottling Co. of Chicago*, 990 F.2d 333, 337 (7th Cir. 1993) (holding plaintiff's claims-supervisor repeatedly asked about her personal life, told her how beautiful she was, asked her on dates, called her a dumb blond, put his hand on her shoulder at least six times, placed "I love you" signs in her work area, and tried to kiss her once in a bar and twice at work–were not sufficient for actionable sexual harassment).

Consequently, the acts by Barnes and Funderburk, while certainly objectionable, do not constitute actionable sexual harassment because they were not sufficiently severe and pervasive, nor did they substantially interfere with plaintiff's job performance.  Consequently, plaintiff has failed to adequately plead a claim of sexual harassment involving a hostile work environment.  Because she has failed to adequately allege a hostile environment claim against any employee or supervisor, she has failed to state a claim against her employer, The Old Public House, as well.

**Sex Discrimination Claim**

It appears that plaintiff may be attempting to make a claim of sex discrimination in Count Three where she alleges that she was "negligently" harassed and discriminated against by defendants. In order to establish a *prima facie* case of disparate treatment based on gender discrimination, a plaintiff must show four things: (1) that she is a member of a protected class; (2) that she was qualified for her job; (3) that she suffered an adverse employment action; and (4) that her employer treated similarly situated employees who are not members of the protected class more favorably. *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 842-43 (11th Cir. 2000). It is unclear how plaintiff may have been "negligently" harassed, and, aside from stating that she has been discriminated against, plaintiff identifies no comparator or otherwise explains how she was treated differently based on her sex. Consequently, plaintiff has failed to adequately plead a case of sex discrimination. Because she has failed to adequately plead a case of sex discrimination against any employee or supervisor of her employer, The Old Public House, she has failed to state a claim against her employer, as well.

**Other Problems**

There are other problems with plaintiff's complaint, in addition to those cited above. For instance, plaintiff frequently makes reference to the "Defendants" or

"Defendant" without specifically stating which party to which she refers. Furthermore, she uses conclusory terms such as claiming to be "discriminated against" with no factual allegations to support the conclusory one. It is also noted that plaintiff's complaint lists *all* of her counts under the heading "Pendant State Claims." Although the Court has assumed that this is a mistake and that some of her claims appear to present federal claims, if the plaintiff intended to bring only state law claims, then this Court is without jurisdiction to hear her claims and it is due to be dismissed for that reason, as well.[2] Furthermore, because her federal claims are due to be dismissed for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), the Court declines to retain jurisdiction to consider any state law claims contained in her Complaint.

**Conclusion**

Plaintiff's complaint is due to be dismissed for failure to state a claim for which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Although the facts as alleged, even if true, do not amount to a claim of sexual harassment or sex discrimination, plaintiff is offered one opportunity to amend her complaint to overcome the shortcomings noted above.

---

[2] Plaintiff has made no claim of diversity jurisdiction or that she is seeking damages that exceed $75,000, which would be necessary to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332.

Therefore, plaintiff has thirty (30) days from the date of this Order to file an amended complaint that states a claim for which relief can be granted under federal law. Plaintiff is directed to specify which federal statute or regulation under which she seeks relief and is to provide a detailed factual basis for each claim, clearly identifying the specific parties responsible for each act alleged. Likewise, if plaintiff includes state law claims, she must state the basis for each claim in detail, sufficient to reflect a cause of action under state law and specifying the acts which encompass the cause of action as well as the specific identity of the party or parties responsible. Each count is to be individually labeled with the nature of the cause of action alleged. (*E.g.*, "Sexual Harassment pursuant to Title VII, 42 U.S.C. § 2000e").

SO ORDERED this 23rd day of June, 2016.

*[signature]*
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE